# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4687-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.M.,

     Defendant-Appellant.

_____

Argued September 21, 2020 – Decided March 8, 2021

Before Judges Messano and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 13-01-0091.

Brian J. Neary argued the cause for appellant (Law Offices of Brian J. Neary, attorneys; Brian J. Neary, of counsel; Jane M. Personette, on the brief).

William P. Miller, Assistant Prosecutor, argued the cause for respondent (Mark Musella, Bergen County Prosecutor, attorney; William P. Miller, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant J.M. appeals the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

## I.

The facts adduced by the State at trial are recounted in our prior opinion and need not be repeated at length in this opinion. See State v. J.M., No. A-3690-13 (App. Div. Aug. 16, 2017) (slip op. at 2-7). It is sufficient to note the State presented testimony that on two occasions when ten-year-old Kimberly[1] was visiting overnight with her aunt and uncle, she claimed defendant, her uncle, touched her breasts and vagina. Id. at 2-3. She did not tell any family members what occurred. Ibid. When Kimberly was seventeen, she told her boyfriend and then her mother. Id. at 4. Her mother contacted the police. Id. at 3. Defendant was arrested and indicted. Id. at 4.

Defendant waived his right to a jury trial. Id. at 2. In October 2013, he was convicted in a bench trial of two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b) (counts one and two), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count three). Ibid. Defendant was sentenced on counts one and two to two consecutive six-year terms of

---

[1] This is a fictitious name used to maintain the confidentiality of the crime victim.

A-4687-18

imprisonment with eighty-five percent to be served without parole under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and to a concurrent six-year term on count three. Ibid. He also was sentenced to parole supervision for life and various financial penalties, and ordered to comply with Megan's Law[2] and Nicole's Law[3]. Id. at 3.

Defendant filed a direct appeal of his convictions and sentence. We affirmed both in an unpublished opinion. Id. at 18.

Defendant filed a PCR petition on December 3, 2018, alleging ineffective assistance of counsel. The PCR court denied defendant's petition by order dated May 31, 2019. Its findings and conclusions are set forth in a comprehensive written opinion.

On appeal, defendant presents the following issues for our consideration.

> POINT I
>
> THE COURT BELOW ERRED IN FAILING TO EITHER GRANT DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF (PCR) OR, ALTERNATIVELY, ORDER AN EVIDENTIARY HEARING.
>
> a. General Legal Principles.

---

[2] N.J.S.A. 2C:7-1 to -23.

[3] N.J.S.A. 2C:14-12.

A-4687-18

b. Trial counsel's failure to confront the alleged victim with a material inconsistency between her trial testimony and an earlier statement constituted ineffective assistance of counsel.

c. Trial Counsel's failure to conduct a meaningful cross-examination of the State's expert witness, Dr. Anthony D'Urso, constitutes ineffective assistance of counsel.

d. Trial counsel's failure to conduct a thorough cross-examination of Det. Linda McNulty with respect to her interrogation techniques and the impact upon [d]efendant's demeanor during the police interrogation constitute ineffective assistance of counsel.

e. Trial counsel's failure to adequately and meaningfully consult with [d]efendant regarding the significance of waiving his right to a jury trial constitutes ineffective assistance of counsel.

f. Trial counsel's failure to adequately prepare [d]efendant to testify at trial constitutes ineffective assistance of counsel.

g. Trial counsel's failure to conduct a thorough direct examination of [p]etitioner's wife, [L.M.], constitutes ineffective assistance of counsel.

h. Trial counsel's failure to adequately prepare [d]efendant's character witnesses to testify at trial constitutes ineffective assistance of counsel.

i. Trial counsel's failure to move for a change of venue, although aware that [Kimberly's] father is a Bergen County Sheriff's officer, constitutes ineffective assistance of counsel.

4

POINT II

THE CUMULATIVE EFFECT OF MULTIPLE INSTANCES OF INEFFECTIVE ASSISTANCE OF COUNSEL WARRANTS THE GRANT OF PCR.

II.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The fact that a trial strategy fails to obtain the optimal outcome for a defendant is insufficient to show that counsel was ineffective. State v. DiFrisco, 174 N.J. 195, 219-20 (2002) (citing State v. Bey, 161 N.J. 233, 252 (1999)).

A-4687-18

Defendant contends his trial attorney provided ineffective assistance of counsel because he should have confronted Kimberly with an inconsistency that might have affected her credibility. She testified at trial that defendant touched her over her clothing, but in her statement to the police, she said he touched her stomach and breasts under her shirt, on her skin.

The PCR court concluded the decision not to question Kimberly about this inconsistency "was strategic" and not a serious performance error by defense counsel. We agree that defendant has failed to overcome the strong presumption that "the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (citing Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Whether the victim was touched over or under her clothes, the actions constituted a second-degree sexual assault. N.J.S.A. 2C:14-2(b). It might have appeared worse for defendant if this inconsistency were highlighted. The record shows Kimberly was thoroughly cross-examined about issues that could have affected her credibility such as the text messages to her boyfriend, her lack of disclosure to her family about the abuse, her sleepovers at defendant's house after the assaults, her favorable comments about defendant at her sweet sixteen party, and her acknowledgment that defendant did not threaten her or insist she not disclose the abuse. We agree with the PCR court that counsel's cross-

examination of Kimberly falls within the range of reasonable professional assistance. Ibid.

Defendant argues his counsel did not effectively cross-examine the State's expert witness, Dr. Anthony D'Urso, a psychologist, who testified about Child Sex Abuse Accommodation Syndrome (CSAAS).[4] Dr. D'Urso explained his testimony was to "educate" and was not to be used "diagnostically, predictively or as a proof that abuse occurs." He testified he was not familiar with this specific case. "The way this works for us is I don't know what case we're trying at this moment, so I have no — I have no history because I don't know the case."

Defense counsel asked one question on cross-examination:

> Q: Doctor, is it true that often in these cases where there's a delay disclosure there's been some attempt by the perpetrator to discourage the child from coming forward, a threat?
>
> A. Well that's happened in cases, sure.

In summation, defense counsel argued the doctor acknowledged that "often in these types of cases you would expect that there be some threat or some type of

---

[4] CSAAS testimony now is generally inadmissible. State v. J.L.G., 234 N.J. 265 (2018). Recently, the Court determined J.L.G. had "pipeline retroactivity." State v. G.E.P., 243 N.J. 362, 370 (2020). Defendant's appeal was concluded before J.L.G. was decided on July 31, 2018.

communication between the perpetrator and the victim. Something . . . to assure that she wouldn't say anything at all about it."

Defendant argues the cross-examination should have explored the weakness of CSAAS theory and other reasons Kimberly might have delayed disclosure. The PCR court concluded counsel's performance was not constitutionally deficient.

Defense counsel tried, unsuccessfully, prior to trial to exclude Dr. D'Urso's testimony. Defense counsel's question on cross-examination supported his argument in closing that Kimberly's delayed disclosure could have been explained for other reasons. The doctor lacked knowledge about any of the specifics of this case. Defense counsel cross-examined Kimberly about the delay in reporting. This case was a bench trial where the court understood the testimony was not diagnostic or proof that the assaults occurred. On this record, we agree with the PCR court that defense counsel's cross-examination came within professional standards.

Defendant argues his trial counsel's cross-examination of Detective McNulty was inadequate under Strickland and prejudicial because he did not ask about the effect the detective's interrogation techniques had on defendant's demeanor during the police interview. Defense counsel was not successful in

suppressing the videotape of defendant's interview. J.M., slip op. at 5. At trial, during cross-examination of Detective McNulty, she acknowledged her interview technique was to tell defendant she believed Kimberly in order to extract a confession from defendant. Defendant argues defense counsel should have gone further in his questioning of Detective McNulty to ask about the effect of this on defendant's demeanor.

The PCR court rejected this a basis for PCR relief. We agree. Defendant cites no authority for the assertion that professional competence required his attorney to ask further questions about demeanor when the trial court made its own observations of the interview tape. The cross-examination by defense counsel alerted the trial court about the detective's tactics. The trial court disregarded the detective's opinion about Kimberly's credibility "understanding that [the detective's] manner of questioning was strategically and tactically driven to obtain an admission of guilt from defendant." Defendant did not show that further questions would make a difference.

Defendant argues his trial counsel did not provide "meaningful" consultation with him before defendant waived his right to a jury trial. Defendant waived this right on the second day of jury selection after the State exercised three of twelve preemptory challenges and the defense had exercised

9

one. Defendant submitted a certification[5] to the trial court in support of his waiver request. See R. 1:8-1(a) (providing that a defendant's waiver of a jury trial must be in writing); see also State v. Dunne, 124 N.J. 303, 317 (1991) (providing criteria to consider for judicial approval of waiver). The PCR court noted that defendant "certified he had concerns about 'the jury's ability to deal with this matter without some kind of preconceived ideas — or emotions.'" Following voir dire, in which defendant answered he was making the decision after consultation with his attorney, the trial court granted defendant's waiver request. Based on the certification and voir dire, the trial court found "the waiver [was] voluntarily, knowingly and competently given, and that on balance, including the statement and reasons and all the relevant factors involved, including the gravity of the crime, the nature, the fact that it is emotionally charged, [the court found] that the defendant's request should be granted . . . ."

We find no error by the PCR court in rejecting this claim under Strickland. The charges involved a sexual assault against a child by her uncle. There was concern prospective jurors would view that negatively. At defendant's request, prospective jurors were asked in voir dire about their reaction to the charges and

---

[5] Defendant's certification is not included in the appendix.

some had "strong reactions." The record shows defendant discussed the issue with his trial counsel and understood the court would decide all the issues in a bench trial. Even if defense counsel did raise the waiver issue, the record does not demonstrate that counsel's performance here was below professional standards.

Defendant claims his trial attorney did not adequately prepare his character witnesses for their cross-examination because they did not know defendant had other children from a prior relationship. Defendant argues his attorney did not conduct a thorough direct examination of defendant's wife. Defendant also argues his trial counsel provided ineffective assistance by not preparing him for his own testimony. Even if we accepted defendant's allegations in a light favorable to him, we agree with the PCR court the "prejudice" portion of Strickland was not satisfied because of the trial court's credibility determinations. Defendant failed to show the outcome would be different as required by Strickland's second prong. The court accepted the favorable testimony of the character witnesses, but it "[did] not place great weight" on them because of the strength of Kimberly's testimony, which the court found to be credible. The trial court concluded defendant's wife had an "interest in the outcome of the case and is inherently biased." Defendant did not

11

show that further preparation would have changed the outcome in light of his statements to the police that he may have touched Kimberly or how he could explain those statements and his reaction. The record, therefore, does not support defendant's claims of ineffective assistance of counsel.

Defendant argues his trial counsel should have filed a motion to change venue because Kimberly's father was a sheriff's officer in the same county. A motion for a change of venue is addressed to the sound discretion of the trial judge. State v. Wise, 19 N.J. 59, 73 (1973). The test is whether a fair and impartial jury can be obtained from the residents of the county. See State v. Timmendequas, 161 N.J. 515, 551-52 (1999).

Defendant does not argue the bench trial was unfair or that the trial judge was biased but relies on State v. McCabe, 201 N.J. 34 (2010), to support his claim there should have been a motion for change of venue. In McCabe, the part-time municipal court judge and the defense attorney were adverse to each other in an unrelated case that was not yet resolved. Id. at 38. Even though there was "no evidence of bias or unfairness in the record," they "were still adversaries in an open matter." Id. at 45. The Court concluded the situation "invite[d] reasonable doubts about the judge's partiality." Id. at 46.

McCabe is distinguishable from the present case. This case does not involve a part-time municipal court judge or open litigation between the judge and one of the parties or attorneys. This case is post-judgment where the issue is ineffective assistance of counsel, and where there is no evidence or allegation of bias or bad faith in the conduct of the trial.

We are satisfied from our review of the record that defendant failed to make a prima facie showing of ineffectiveness of trial counsel within the Strickland-Fritz test. Accordingly, the PCR court correctly denied the PCR petition without an evidentiary hearing. See State v. Preciose, 129 N.J. 452, 462-63 (1992). There also was nothing about the cumulative effect of these issues that would entitle defendant to post-judgment relief. See State v. Orrechio, 16 N.J. 125, 129 (1954) (granting a new trial where the legal errors "in their aggregate have rendered the trial unfair"). Finally, we conclude defendant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4687-18